# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) CAUSE NO. 2:11-CV-265 ) |
| FAIR OAKS DAIRY FARMS, LLC, | ) ) ) ) |
| Defendant. | ) |

## OPINION AND ORDER

This matter is before the Court on: (1) Defendant's Motion to Dismiss Plaintiff's Complaint (DE #12) filed by the defendant on September 15, 2011; and (2) EEOC's Motion for Leave to Amend Complaint (DE #14) filed by the plaintiff on September 29, 2011. For the reasons set forth below, the Motion for Leave to Amend Complaint (DE #14) is **GRANTED** and the Motion to Dismiss (DE #12) is **DENIED AS MOOT**. The Amended Complaint is to be deemed filed as of September 29, 2011.

## BACKGROUND

The plaintiff, Equal Employment Opportunity Commission (the "EEOC"), filed a Complaint against the defendant, Fair Oaks Dairy Farms, LLC ("Dairy Farms"), on July 22, 2011. (DE #1.) The

Complaint alleges that Dairy Farms "engaged in unlawful employment practices . . . by subjecting Martha Marquez to sexual harassment because of her sex . . . ." (DE #1, ¶ 7.) Dairy Farms, through counsel, filed the instant Motion to Dismiss in lieu of an Answer on September 15, 2011. (DE #12.) The EEOC filed its Motion for Leave to Amend Complaint (DE #14) on September 29, 2011, and a response brief in opposition to the Motion to Dismiss on October 3, 2011. (DE #15.) Dairy Farms filed its reply on October 11, 2011. (DE #16.) No response was filed in opposition to the Motion for Leave to Amend Complaint. Thus, the motions are now ripe for adjudication.

In its Motion to Dismiss, Dairy Farms argues that the Complaint fails to state a claim and that process was insufficient because the EEOC sued and served the incorrect party. In support of this assertion, Dairy Farms points out that Martha Marquez was not employed by Dairy Farms but rather by Fair Oaks Dairy Products, LLC, which is a separate and distinct limited liability company.[1] Both in its Motion for Leave to Amend Complaint and in its response to the Motion to Dismiss, the EEOC asserts that, based on this

---

[1] Dairy Farms has attached the W-2 Wage and Tax Statements for Martha Marquez to the Motion to Dismiss as an exhibit. (DE #13-1.) In its response brief, the EEOC argues that the Court must disregard this exhibit because it contains non-public information that is not referenced in the Complaint. As the Court need not rely on these documents for purposes of resolving this Order, the arguments regarding the propriety of attaching these documents to the Motion to Dismiss will not be discussed.

2

representation, it is necessary to amend the Complaint to add Fair Oaks Dairy Products, LLC to the lawsuit.

**DISCUSSION**

Although the EEOC has requested the Court's leave to file its Amended Complaint, the Court notes that this motion was filed fourteen days after Dairy Farms filed its Motion to Dismiss. As such, the Court finds that the EEOC is entitled to amend its Complaint without leave of the Court pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), which provides that a party may amend its pleading once as a matter of course "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed.R.Civ.P. 15(a)(1)(B). In any event, the Court must "freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2). Therefore, the Motion for Leave to Amend Complaint (DE #14) is **GRANTED.** The Clerk is **DIRECTED** to file the Amended Complaint as of September 29, 2011.

An amended complaint becomes controlling once it is filed because the prior pleading is withdrawn by operation of law. *Johnson v. Dossey*, 515 F.3d 778, 780 (7th Cir. 2008); see also *Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1057 (7th Cir. 1998). Because the Amended Complaint

supersedes the Original Complaint, Dairy Farms' Motion to Dismiss (DE #12) is **DENIED AS MOOT**.

There is no Motion to Dismiss related to the Amended Complaint on file. As such, any ruling on the Amended Complaint would be wholly inappropriate. See *Pourghoraishi v. Flying J, Inc.*, 449 F.3d 751, 765 (7th Cir. 2006)(noting that a court "cannot *sua sponte* enter summary judgment or dismiss a complaint without notifying the parties of its intentions and allowing them an opportunity to cure the defect in the complaint or to respond.") However, in so ruling, the Court notes that the parties are free to file additional motions based specifically on the Amended Complaint should they so desire.

Therefore, for the reasons set forth above, the Motion for Leave to Amend Complaint (DE #14) is **GRANTED** and the Motion to Dismiss (DE #12) is **DENIED AS MOOT**. The Amended Complaint is to be deemed filed as of September 29, 2011.

**DATED: December 22, 2011**              **/s/RUDY LOZANO, Judge**
                                          **United States District Court**