**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| EQUAL EMPLOYMENT ) | |
| OPPORTUNITY COMMISSION ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| v. ) | No. 2:11-CV-265 |
| ) | |
| FAIR OAKS DAIRY FARMS, ) | |
| L.L.C., FAIR OAKS DAIRY ) | |
| PRODUCTS, L.L.C., d/b/a ) | |
| FAIR OAKS FARMS, ) | |
| ) | |
| DEFENDANTS. ) | |

**OPINION AND ORDER**

This matter is before the Court on Defendant Fair Oaks Dairy Farm, L.L.C.'s Motion to Dismiss Plaintiff's First Amended Complaint, filed on January 26, 2012. (DE #23.) For the reasons set forth below, the motion is **DENIED**.

**BACKGROUND**

The plaintiff, Equal Employment Opportunity Commission (the "EEOC"), filed a Complaint pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") against defendant, Fair Oaks Dairy Farms, L.L.C. ("Dairy Farms"), on July 22, 2011. (DE #1.) The Complaint alleged that Dairy Farms "engaged in unlawful employment practices . . . by subjecting Martha Marquez to sexual harassment because of her sex . . . ." (DE #1, ¶ 7.) Dairy Farms, through

counsel, filed a Motion to Dismiss in lieu of an Answer on September 15, 2011, claiming that Martha Marquez was never employed by Dairy Farms but rather by Fair Oaks Dairy Products, L.L.C. ("Dairy Products"). (DE #12.) The EEOC filed its Motion for Leave to Amend Complaint (DE #14) on September 29, 2011, and a response brief in opposition to the Motion to Dismiss on October 3, 2011. (DE #15.) Dairy Farms filed its reply on October 11, 2011. (DE #16.) On December 22, 2011, the Court granted the Motion for Leave to Amend Complaint and denied as moot the Motion to Dismiss. (DE #17.)

The Amended Complaint names both Dairy Farms and Dairy Products as defendant employers (collectively, "Fair Oaks") and alleges that Fair Oaks subjected Martha Marquez to "sexual harassment because of her sex, including allowing a male supervisor to expose himself to Ms. Marquez, proposition her for sex, and touch her in an offensive manner." (DE #18, ¶ 7.) The Amended Complaint specifically references the charge discrimination Martha Marquez filed with the EEOC in October of 2010. (*Id*. at ¶ 6; see also DE #26-1, Pl.'s Ex. A.)

Dairy Products answered the Amended Complaint on January 26, 2012. (DE #22.) On that same day, Dairy Farms filed a Motion to Dismiss Plaintiff's First Amended Complaint. (DE #23.) The EEOC filed its response in opposition on February 10, 2012. (DE #26.) Finally, Dairy Farms filed its reply on February 21, 2012. (DE

#27.)  The motion is ripe for adjudication.

**DISCUSSION**

In its Motion to Dismiss, Dairy Farms asserts that it cannot be held liable under Title VII because Martha Marquez was never an employee of Dairy Farms.  Therefore, Dairy Farms contends that the EEOC's Amended Complaint should be dismissed for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to dismissed if it fails to "state a claim upon which relief can be granted."  Allegations other than frn maud and mistake are governed by the pleading standard outlined in Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement" showing that the pleader is entitled to relief.

In order to survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  All well-pleaded facts must be accepted as true, and all reasonable inferences from those facts must be resolved in the plaintiff's favor.  *Pugh v. Tribune Co.*, 521 F.3d 686, 692 (7th Cir. 2008).  However, a plaintiff may plead himself out of court if the complaint includes allegations that

show he cannot possibly be entitled to the relief sought. *McCready v. eBay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006).

In the context of a claim brought under Title VII, the plaintiff can allege her claim "quite generally." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (citing *Kolupa v. Roselle Park Dist.*, 438 F.3d 713, 714 (7th Cir. 2006)). The complaint does not need to "'allege all, or *any*, of the facts logically entailed by the claim.'" *Id.* (emphasis in original) (quoting *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998)). It is quintessential that litigants be given a chance for discovery "before being put to their proof." *Id.* (quoting *Bennett*, 153 F.3d at 519).

An "employer"[1] can be held liable for violating the provisions of Title VII, and the Seventh Circuit has made it clear that an employee may have multiple employers for liability purposes under Title VII. See *Tamayo*, 526 F.3d at 1088 (citing *Worth v. Tyer*, 276 F.3d 249, 259 (7th Cir. 2001)). For example, in addition to an employee's direct employer, a related company may also be considered his or her employer if it "possibly maintained an employment relationship" with the employee or "directed the discriminatory act, practice, or policy of which the employee is

---

[1] Under Title VII, "[t]he term 'employer' [is defined as] a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person . . . ." 42 U.S.C. 2000e(b).

complaining." *Id.* (quoting *Worth*, 276 F.3d at 259-60). A company may be a "de facto or indirect employer" for Title VII purposes when it "control[s] the plaintiff's employment relationship." *Id.* (quoting *EEOC v. Illinois*, 69 F.3d 167, 169 (7th Cir. 1995)). In addition, an affiliated entity may be named correctly as a Title VII defendant if has "forfeited its limited liability." See *Worth*, 276 F.3d at 259-60 (noting that one way to forfeit such limited liability is through "'piercing the corporate veil' whereby corporate formalities are ignored and the actions of one company can accrue to another.")[2]

In its Amended Complaint, the EEOC names both Dairy Farms and Dairy Products as "defendant employers" and refers to them collectively as Fair Oaks. The Amended Complaint alleges that Fair Oaks subjected Martha Marquez to sexual harassment because of her sex by allowing a male supervisor to expose himself to her, proposition her for sex, and touch her in an offensive manner. The Amended Complaint also alleges that, because of these events, Martha Marquez has been deprived of equal employment opportunities and has had her employment status negatively affected. Taking the allegations set forth in the Amended Complaint as true, the Court finds that the EEOC has stated a claim to relief that is plausible on its face at this early stage of the litigation.

---

[2] The *Tamayo* court did note, however, that the "integrated enterprise" test is no longer utilized in Title VII cases. *Tamayo*, 526 F.3d at 1088.

Dairy Farms' assertion that the Amended Complaint fails to state a claim because it does not properly allege Martha Marquez had an "employment relationship" with Dairy Farms is without merit. As noted above, the Amended Complaint refers to Dairy Farms as one of the "defendant employers." In an attempt to establish a lack of employment relationship, Dairy Farms attaches Martha Marquez's W-2 forms which list Dairy Products as her employer (DE #24-1); however, as the EEOC correctly points out, non-public documents outside of the pleadings may not be properly considered by the Court on a motion to dismiss unless the Court intends to convert the motion to dismiss into one for summary judgment. See Fed. R. Civ. P. 10(c); *Menominee Indian Tribe of Wisconsin v. Thompson*, 161 F.3d 449, 455-56 (7th Cir. 1998). Martha Marquez's W-2 forms are private documents that are not referred to in the Amended Complaint nor are they central to her claim.[3] The Court has no intention of converting Dairy Farms' Motion to Dismiss into one for summary judgment. As such, Martha Marquez's W-2 forms are not properly before the Court for consideration on Dairy Farms' Motion to Dismiss and have been disregarded. Furthermore, even if the EEOC

---

[3] On the other hand, the charge of discrimination (DE #26-1) that has been attached to the EEOC's response brief is properly before the Court as this charge is directly referenced in the Amended Complaint and is central to the claim presented. "[D]ocuments attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim." *Menominee Indian Tribe of Wisconsin v. Thompson*, 161 F.3d 449, 456 (7th Cir. 1998) (quoting *Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1248 (7th Cir.1994)).

has acknowledged that Dairy Products paid Martha Marquez her wages,[4] this does not negate the fact that, as described above, controlling Seventh Circuit law dictates that an employee may have more than one "employer" for Title VII liability purposes. See *Tamayo*, *supra*, 526 F.3d at 1088.

Thus, accepting all reasonable inferences in favor of the EEOC at this stage requires the Court to indulge in a presumption that Dairy Farms was a "defendant employer" to Martha Marquez during the time of the alleged discrimination. The Amended Complaint filed by the EEOC states a valid claim against Dairy Farms and, as such, the EEOC is entitled to discovery from Dairy Farms so as to flesh out the facts of this case before being put to its proof.

**CONCLUSION**

For the reasons set forth above, Defendant Fair Oaks Dairy Farm, L.L.C.'s Motion to Dismiss Plaintiff's First Amended Complaint, filed on January 26, 2012 (DE #23), is **DENIED**

**DATED: July 27, 2012**  /s/ **RUDY LOZANO, Judge**
**United States District Court**

---

[4] See Dairy Farms' reply (DE #27) citing the EEOC's response (DE #26).