UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff | ) ) | |
| v. | ) ) | CIVIL NO. 2:11 cv 265 |
| FAIR OAKS DAIRY FARMS, LLC; FAIR OAKS DAIRY PRODUCTS, LLC dba Fair Oaks Farms, | ) ) ) ) | |
| Defendants | ) | |

OPINION AND ORDER

This matter is before the court on the Motion to Stay Discovery as to Fair Oaks Dairy Farms, LLC Only [DE 30] filed by the defendant, Fair Oaks Dairy Farms LLC, on April 4, 2012, and the Motion for Protective Order Regarding Immigration Status and/or Employment History [DE 35] filed by the plaintiff, EEOC, on May 25, 2012. For the following reasons, the Motion to Stay [DE 30] is **DENIED,** and the Motion for Protective Order [DE 35] is **GRANTED IN PART** and **DENIED IN PART.**

Background

Martha Marquez filed a charge of discrimination with the EEOC on October 20, 2010, alleging that she was sexually harassed while employed by the defendants, Fair Oaks Dairy Farms and Fair Oaks Dairy Products. She accused the manager of the cheese and milk department of touching her vagina through her clothing and

exposing his genitalia.  After investigating Marquez's allegations, the EEOC found the evidence substantiated her claim and attempted to resolve the matter through conciliation.  When conciliation failed, the EEOC filed its complaint on July 22, 2011, against Dairy Farms, alleging sexual harassment in violation of Title VII of the Civil Rights Act of 1964.

The EEOC amended its complaint on September 29, 2011, to add Dairy Products.  Dairy Farms subsequently filed a motion to dismiss, arguing that it did not employ Marquez or the alleged harasser and could not be held liable for the incident.  The EEOC opposed the motion.  On April 4, 2012, Dairy Farms filed a motion to stay discovery pending the district court's ruling on its motion to dismiss.  Dairy Farms argues that subjecting it to discovery would be burdensome, turn up irrelevant information, and cause unnecessary expense.

On May 4, 2012, Dairy Products served the EEOC and Marquez with discovery requests seeking Marquez's resume, educational diplomas, transcripts, attendance record, immigrant or non-immigrant visa, passport, birth certificate, and state and federal tax returns.  Dairy Products also inquired into Marquez's efforts to obtain subsequent employment and actual subsequent employment.  Dairy Products contends that the information is

relevant background information, will shed light on the damages Marquez suffered, and will support its affirmative defenses.

In the complaint, the EEOC states that it seeks "appropriate compensation for past pecuniary losses resulting from the unlawful employment practices." In a separate paragraph, the EEOC requests "compensation for past nonpecuniary losses resulting from the unlawful employment practices". The EEOC sent correspondence to Dairy Product's counsel stating that it does not seek back pay, front pay, reinstatement, or any other sort of pecuniary compensatory damages. Marquez's damages are limited to the emotional distress caused by the sexual harassment she experienced. Because of this limitation, the EEOC maintains that Dairy Product's discovery requests seek irrelevant information and seeks a protective order.

## Discussion

A court has incidental power to stay proceedings, which stems from its inherent power to manage its docket. *Landis v. North American Co.*, 299 U.S. 248, 254-55, 57 S.Ct. 163, 166, 81 L.Ed. 153 (1936); *Walker v. Monsanto Co. Pension Plan*, 472 F.Supp.2d 1053, 1054 (S.D. Ill. 2006). The decision to grant a stay is committed to the sound discretion of the court and must be exercised consistent with principles of fairness and judicial economy. *Brooks v. Merck & Co.*, 443 F.Supp.2d 994, 997 (S.D.

Ill. 2006); *Rutherford v. Merck & Co.*, 428 F.Supp.2d 842, 845 (S.D. Ill. 2006); *George v. Kraft Foods Global*, 2006 U.S. Dist. LEXIS 92886, *4 (S.D. Ill. 2006). "Courts often consider the following factors when deciding whether to stay an action: (i) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (ii) whether a stay will simplify the issues in question and streamline the trial, and (iii) whether a stay will reduce the burden of litigation on the parties and on the court." *Abbott Laboratories v. Matrix Laboratories, Inc.*, 2009 WL 3719214, *2 (N.D. Ill. 2009). "The general test for imposing a stay requires the court to 'balance interests favoring a stay against interests frustrated by the action' in light of the 'court's paramount obligation to exercise jurisdiction timely in cases properly before it.'" *SanDisk Corp. v. Phison Electronics Corp.*, 538 F.Supp.2d 1060, 1066 (W.D. Wis. 2008) (*citing* *Cherokee Nation of Oklahoma v. United States*, 124 F.3d 1413, 1416 (Fed. Cir. 1997)). The moving party must show good cause to stay discovery. *Castrillon v. St. Vincent Hospital and Health Care Center, Inc.*, 2011 WL 4538089, *1 (S.D. Ind. 2011) (applying Rule 26(c) good cause standard to motion to stay); *DSM Desotech, Inc. v. 3D Systems Corp.*, 2008 WL 4812440, *1 (N.D. Ill. Oct. 28, 2008) (same).

"The filing of a motion to dismiss by itself does not mandate a stay of discovery pending resolution of that motion, nor does the right to discovery continue in light of a pending dispositive motion." **Nexstar Broadcasting, Inc. v. Granite Broadcasting Corp.**, 2011 WL 4345432, *2 (N.D. Ind. Sept. 15, 2011) (*citing* **Duneland Dialysis LLC v. Anthem Ins. Co., Inc.**, 2010 WL 1418392, *2 (N.D. Ind. Apr. 6, 2010) (*quoting* **Simstad v. Scheub**, 2008 WL 1914268, *1 (N.D. Ind. Apr. 29, 2008)). The decision to stay a case pending ruling on a motion to dismiss must be made on a case by case basis. "A stay is appropriate where the motion to dismiss can resolve the case, where ongoing discovery is unlikely to produce facts necessary to defeat the motion, or where the motion raises a potentially dispositive threshold issue, such as a challenge to plaintiff's standing." **Nexstar Broadcasting**, 2011 WL 4345432 at *2. The court gives greater consideration to motions to stay discovery where the matter involves particularly complex issues. **Nexstar Broadcasting**, 2011 WL 4345432 at *3. The court also will weigh the timeliness of the request. **Castrillon**, 2011 WL 4538089 at *2.

Dairy Farms has provided no more than a bare bones argument that any discovery would be burdensome because it filed a motion to dismiss. However, Dairy Farms is not entitled to have discovery stayed solely because it filed a motion to dismiss. Dairy

5

Farms must provide some explanation of the burden it will suffer as a result. Dairy Farms has not shown that the motion to dismiss will resolve the case, that the pending discovery requests are unrelated to the motion to dismiss, or that the motion raises a potentially dispositive threshold issue.

Dairy Farms' primary argument is that it will be dismissed from the case if its motion to dismiss is granted. In its motion to dismiss, Dairy Farms argues that it did not employ Marquez or the alleged harasser and that Title VII only extends to employers. However, the pending discovery requests appear to bear on the motion to dismiss and may help the EEOC defeat it. The EEOC has inquired into the organizational and ownership structure of Dairy Farms and Dairy Products which may help it determine who is liable for the alleged harassment. The court is less inclined to stay discovery if it may bear on the motion to dismiss.

Additionally, Dairy Farms has not argued that it will not be required to submit any discovery if the case is dismissed against it. If Dairy Farms is dismissed, the case would remain ongoing between Dairy Products and the EEOC. If there is a relationship between Dairy Farms and Dairy Products, Dairy Farms may be subjected to third-party discovery. Dairy Farms has not shown how its burden would be decreased by issuing a stay or what discovery would be eliminated. Without further explanation, Dairy Farms'

only support is that if it is dismissed from the case "much of the information sought by Plaintiff from Farms will be irrelevant." Dairy Farms must do more than make boilerplate assumptions and should have provided specific examples of the potential irrelevancy. *See **Castrillon**,* 2011 WL 4539089 at *2 (denying motion to stay in part because the moving party still would have to produce discovery if its motion to dismiss was granted and because the moving party did not identify the specific requests that it alleged were burdensome). The court cannot rely solely on Dairy Farms' assertion without greater explanation.

Dairy Farms has not pointed to a single discovery request that it alleges would be overly burdensome. *See **Castrillon**,* 2011 WL 4538089 at *2 (denying motion to stay in part because moving party did not identify specific discovery requests that were unduly burdensome or expensive). Again, Dairy Farms simply states that the discovery would be burdensome and expensive without greater detail. The insufficiencies are fatal to its request.

The only factor that weighs in favor of Dairy Farms' request is that the court has yet to hold a Rule 16(b) scheduling conference and set discovery deadlines. Absent deadlines, the EEOC will suffer little prejudice from a short stay of discovery. However, this single factor does not overcome the insufficiencies

7

that are abundant in Dairy Farms' motion. Dairy Farms has not provided a single explanation of the burden it hopes to escape by staying discovery, nor has it shown how the discovery requests are overly burdensome. Dairy Farms cannot rely solely on the fact that it filed a motion to dismiss as a means of requesting a stay. *See **Castrillon***, 2011 WL 4538089 at *2 (denying motion to stay because it was filed five months after the motion to dismiss, it was not evident the motion to dismiss would be granted, the motion to dismiss would not resolve all of the plaintiff's claims because her claims against two defendants would remain pending and would likely require the party requesting the stay to produce discovery, and because the motion did not identify any specific discovery requests that impose an undue burden or expense). The motion to dismiss will not resolve the case in its entirety, and discovery, including discovery served on Dairy Farms, may remain ongoing. Without greater explanation, the court finds the motion insufficient and **DENIES** the motion to stay.

The court now turns to the EEOC's motion for a protective order. A party may "obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible

things." Federal Rule of Civil Procedure 26(b)(1). For discovery purposes, relevancy is construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." *Chavez v. DaimlerChrysler Corp.,* 206 F.R.D. 615, 619 (S.D. Ind. 2002)(*quoting* *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57 L.Ed.2d 253 (1978)). Even when information is not directly related to the claims or defenses identified in the pleadings, the information still may be relevant to the broader subject matter at hand and meet the rule's good cause standard. *Borom v. Town of Merrillville*, 2009 WL 1617085, *1 (N.D. Ind. June 8, 2009) (*citing* *Sanyo Laser Prods., Inc. v. Arista Records, Inc.*, 214 F.R.D. 496, 502 (S.D. Ind. 2003)). *See also* *Adams v. Target,* 2001 WL 987853, *1 (S.D. Ind. July 30, 2001)("For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."); *Shapo v. Engle,* 2001 WL 629303, *2 (N.D. Ill. May 25, 2001)("Discovery is a search for the truth.").

A party may move for a protective order in order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . ." Rule 26(c)(1). The party requesting the protective order carries the burden of demonstrating good cause; the moving party can satisfy that burden by

showing some plainly adequate reason for the order. 8 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* §2035 (3d ed. 1998). *See also* **Gregg v. Local 305 IBEW**, 2009 WL 1325103, *8 (N.D. Ind. May 13, 2009) ("The burden rests upon the objecting party to show why a particular discovery request is improper." (*citing* **Kodish v. Oakbrook Terrace Fire Protection Dist.**, 235 F.R.D. 447, 449-50 (N.D. Ill. 2006)); **McGrath v. Everest National Ins. Co.**, 2009 WL 1325405, *3 (N.D. Ind. May 13, 2009); **Carlson Restaurants Worldwide, Inc. v. Hammond Professional Cleaning Services**, 2009 WL 692224, *5 (N.D. Ind. March 12, 2009)). Specific factual demonstrations are required to establish that a particular discovery request is improper and that good cause exists for issuing the order. *See* **Felling v. Knight**, 211 F.R.D. 552, 554 (S.D. Ind 2003) ("To establish good cause a party must submit 'a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'") (*quoting* **Wilson v. Olathe Bank**, 184 F.R.D. 395, 397 (D. Kan. 1999) (*quoting* **Gulf Oil Co. v. Bernard**, 452 U.S. 89, 102 n.16, 101 S.Ct. 2193, 68 L.Ed.2d 693 (1981)). *See also* **Harrisonville Telephone Co. v. Ill. Commerce Comm'n**, 472 F.Supp.2d 1071, 1078 (S.D. Ill. 2006) (stating that in order to establish good cause, the movant must rely on particular and specific demonstrations of fact, rather than conclusory statements).

The parties first dispute whether Marquez's resume, educational diplomas, transcripts, and attendance records are subject to discovery. The EEOC argues that Marquez only has placed her employment with the defendants at issue by filing a charge with the EEOC, not her entire work history. *See* ***Woods v. Fresenius Med. Care Group of N. America***, 2008 WL 151836, *1-2 (S.D. Ind. Jan. 16, 2008)(explaining that the plaintiff does not put their entire work history at issue by filing a charge with the EEOC); ***EEOC v. Simply Storage Management, Inc***., 270 F.R.D. 430, 437 (S.D. Ind. 2010). The defendants must show a specific reason for demanding information of past employment and demonstrate why the information is relevant to the case at hand. ***Woods***, 2008 WL 151836 at *1. Otherwise, the information is irrelevant and outside the scope of discovery.

Dairy Products counters that it has a particularized need for the information to support its defenses, specifically its after acquired evidence defense. "Under this defense, after-acquired evidence of an employee's misconduct may limit damages." ***Sheehan v. Donlen Corp***., 173 F.3d 1039, 1047 (7th Cir. 1999) (*citing* ***McKennon v. Nashville Banner Pub. Co.***, 513 U.S. 352, 361-62, 115 S.Ct. 879, 886, 130 L.Ed.2d 852 (1995)). If the employer is found liable for discrimination, it only is liable for backpay or front pay from the time of the discharge until the

time of the newly discovered evidence. ***McKennon***, 513 U.S. at 362, 115 S.Ct. at 886. After-acquired evidence defenses usually arise when the employee misrepresented information on a resume or job application or committed misconduct post-hire. *See **Thompson v. Tracor Flight Systems***, 86 Cal. App. 4th 1156, 1173 (Cal. App. 2001). *See e.g., **O'Neal v. City of New Albany***, 293 F.3d 998, 1004 (7th Cir. 2002); ***Coleman v. Keebler***, 997 F.Supp. 1102, 1123 (N.D. Ind. 1998). To relieve itself of liability, the employer must show that the wrongdoing was so severe that the employee would have been terminated had the employer been aware of the circumstances at the time of discharge.

Dairy Products explains that the above cited discovery request will answer whether Marquez truthfully recounted her educational and work histories when she applied for a job, what she was trained to do, what kind of disciplinary history she had, and how many English classes she had taken in the past. This information may bear on or lead to other admissible evidence showing whether Marquez lied in her application or committed misconduct post-hire, which may limit Dairy Products' liability.

The EEOC disputes the relevancy, arguing that the after acquired evidence defense is inapplicable because the damages sought are limited to those arising from the emotional pain and suffering Marquez experienced. However, in separate paragraphs,

the Amended Complaint requests the "appropriate compensation for past pecuniary losses resulting from unlawful employment practices" and "past nonpecuniary losses resulting from the unlawful employment practices . . . including emotional pain and suffering, loss of enjoyment of life, humiliation, embarrassment, and inconvenience."

The court agrees that the after-acquired evidence defense would not apply if the EEOC only sought damages for emotional distress in its complaint, but the most recent complaint maintains the request for pecuniary damages and does not restrict it to pecuniary damages arising from emotional pain and suffering as limited in the following paragraph requesting non-pecuniary damages. The court reads this as requesting backpay. Because the most recent complaint requests such damages, the court will allow Dairy Products to pursue discovery of its after acquired evidence defense. It is undisputed that the information sought is related to the after acquired evidence defense.

Additionally, Marquez's employment options and training will bear on whether she mitigated her damages. Dairy Products also represents that the request will lead to information concerning Marquez's disciplinary history and may substantiate its stated reason for terminating her employment, helping to dispel any argument for pretext. The EEOC has not demonstrated that provid-

ing this information falls outside the broad definition of relevance or will cause annoyance, embarrassment, oppression, or undue burden or expense. The EEOC has failed to meet is burden and the requested information must be produced.

The second category of documents Dairy Products requests include Marquez's visa, passport, and birth certificate. Dairy Products states that it intends to use this information to run a background check on Marquez, which is standard procedure in defending harassment claims. The EEOC disputes this request, arguing that discovery requests that touch on immigration status are off-limits when conducting discovery in Title VII claims. *See* ***EEOC v. City of Joliet***, 239 F.R.D. 490, 493 (N.D. Ill. 2006) (explaining that the prejudice that would result from permitting discovery of immigration status when suing an employer for an unfair employment practice would outweigh any probative value); ***De La Rosa v. Northern Harvest Furniture***, 210 F.R.D. 237, 239 (C.D. Ill. Sept. 4, 2002). Immigration status is not discoverable when it is relevant only to determine whether an employee can recover back pay in a Title VII claim. ***De La Rosa***, 210 F.R.D. at 239. Denying back pay to illegal immigrants would interfere with the purpose of Title VII and chill the filing of complaints. ***City of Joliet,*** 239 F.R.D. at 493 ("As pointed out in ***Galaviz-Zamora*** [***v. Brady Farms, Inc.,*** 230 F.R.D. 499 (W.D.

Mich. 2005)], other courts have found that the in terrorem effect of inquiring into the immigration status of employees suing their employer for unfair labor practices is devastating.").

Dairy Products does not assert that this information is pertinent to defend the case. Rather, it contends that the information is necessary to conduct a background check. Dairy Products has not explained what information may be revealed by a background check that may be relevant to defend Marquez's complaints, nor has it shown why all of this documentation is necessary to run a background check. The EEOC represents that Marquez's criminal history is encompassed by a different discovery request to which it did not object. Because Dairy Products received Marquez's criminal history from the EEOC and it is not clear what other information Dairy Products hopes to recover by requesting these documents, the court finds this request repetitive and overly burdensome. The EEOC's motion is granted with respect to the request for Marquez's visa, passport, and birth certificate as relevant.

Finally, the EEOC objects to Dairy Products' request for Marquez's state and federal tax returns. Dairy Products argues that the information is relevant to show how the harassment impacted Marquez and whether she suffered emotional damage because of a change in her financial or living situation. This

argument is attenuated at best.  Permitting discovery of sensitive personal financial information will not likely lead to admissible relevant evidence.  *See **EEOC v. DHL Exp**.*, 2011 WL 6825497, *4 (N.D. Ill. Dec. 27, 2011) (explaining that discovery request seeking federal and state tax returns would be unduly burdensome and irrelevant to the charges of discrimination). Marquez's tax information will not show whether she suffered emotional harm because of a decrease in pay, nor is she alleging that she suffered mental harm because of deceased pay.  Rather, her claim for emotional pain arises solely from the harassment she alleges to have suffered.  The court grants the EEOC's protective order with respect to the request for Marquez's tax returns.

_____

Based on the foregoing, the Motion to Stay Discovery as to Fair Oaks Dairy Farms, LLC Only [DE 30] filed by the defendant, Fair Oaks Dairy Farms, LLC, on April 4, 2012, is **DENIED**, and the Motion for Protective Order Regarding Immigration Status and/or Employment History [DE 35] filed by the plaintiff, EEOC, on May 25, 2012, is **GRANTED IN PART** and **DENIED IN PART** consistent with this order.

ENTERED this 1st day of August, 2012

                                    s/ ANDREW P. RODOVICH
                                       United States Magistrate Judge