```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                         HAMMOND DIVISION


EQUAL EMPLOYMENT OPPORTUNITY    )
COMMISSION,                     )
                                )
          Plaintiff             )
                                )
     v.                         )   CIVIL NO. 2:11 cv 265
                                )
FAIR OAKS DAIRY FARMS, LLC; FAIR)
OAKS DAIRY PRODUCTS, LLC dba    )
Fair Oaks Farms,                )
                                )
          Defendants            )
```

OPINION AND ORDER

This matter is before the court on the Motion to Reconsider Order [DE 48] filed by the plaintiff, the Equal Employment Opportunity Commission, on August 10, 2012, and the Motion to Compel Fair Oaks Dairy Products' Complete Response to Written Discovery [DE 54] filed by the EEOC on August 20, 2012.  For the reasons set forth below, the Motion to Reconsider Order [DE 48] is **DENIED,** and the Motion to Compel [DE 54] is **GRANTED.**

Background

This case arises from a charge of discrimination Martha Marquez filed with the EEOC, alleging she was sexually harassed by her supervisor, David William Fortenberry, while employed by the defendants, Fair Oaks Dairy Farms and Fair Oaks Dairy Products.  After investigating Marquez's allegations, the EEOC found that the evidence substantiated her claim and attempted to

resolve the matter through conciliation.  When conciliation failed, the EEOC filed a complaint on July 22, 2011, against Fair Oaks Dairy Farms, alleging sexual harassment in violation of Title VII of the Civil Rights Act of 1964.

On May 25, 2012, the EEOC filed a motion for a protective order regarding the discovery Dairy Products served upon it, which requested information concerning Marquez's immigration status and other employment-related information.  The court granted the EEOC's motion with respect to evidence that would directly reveal Marquez's immigration status, including her visa, passport, birth certificate, certain employment information, and her state and local tax returns, and denied the motion with regard to Marquez's resume, educational diplomas, transcripts, and attendance records.  The court explained that Marquez's resume, diplomas, transcripts and attendance records were relative to Dairy Products' after acquired evidence defense.  Although the EEOC argued that the after acquired evidence defense was inapplicable because it only was seeking damages for emotional pain and suffering, the court noted that its complaint requested "compensation for past pecuniary losses resulting from unlawful employment practices".  Additionally, the court explained that the information would bear on whether Marquez

mitigated her damages and might substantiate Dairy Products' reason for terminating her employment.

The EEOC now asks the court to reconsider its Opinion and Order, arguing that the court overlooked that this is not an action for discriminatory termination and that the EEOC does not intend to pursue back pay. Dairy Products opposes this motion.

The EEOC also served a series of discovery requests on Fair Oaks. In the first set of interrogatories, the EEOC inquired about other women who were harassed by Fortenberry because of their sex, what the defendants knew or should have known concerning Fortenberry's conduct, and the identity of potential witnesses who may have had relevant information. The EEOC instructed that the temporal scope was January 1, 2005 to the present. Fair Oaks responded to all of the interrogatories except the interrogatories that requested information concerning the identification of employees other than those Fair Oaks previously identified as having relevant information, complaining that the discovery requests were unduly burdensome, overly broad, not reasonably calculated to lead to the discovery of admissible evidence, and improperly limited the temporal scope of the requested information. The parties discussed the discovery requests, and the EEOC served a second set of interrogatories on July 3, 2012.

The EEOC's first request in the July 3 interrogatories asked for the information originally sought in Interrogatory Nos. 11 and 14 of its first set, as modified by the parties' teleconference. The EEOC's new request sought "personnel, human resources, or operation-related documents that show any such employee's name, last known address and telephone number, supervisor, social security number and/or date of birth," for all employees who worked in the same facility as Fortenberry from the period of January 1, 2005, through the date of Fortenberry's termination. Fair Oaks has objected, arguing that it was unreasonable to request confidential personnel information for every employee that Fair Oaks has had since 2005 who worked in the same facility as Fortenberry and that the request was over broad, unduly burdensome, not likely to lead to the discovery of admissible evidence, and duplicative of other discovery materials already in the EEOC's possession.  The EEOC has moved to compel a response to this request.

## Discussion

Although they are frequently filed, the Court of Appeals has described a motion for reconsideration as "a motion that, strictly speaking, does not exist under the Federal Rules of Civil Procedure." *Hope v. United States*, 43 F.3d 1140, 1142 n.2 (7th Cir. 1994).  *See also* *Talano v. Northwestern Medical Faculty Foundation, Inc.*, 273 F.3d 757, 760 n.1 (7th Cir. 2001).  This

type of motion "is a request that the [Court] reexamine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was overlooked." *Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004) (internal quotation omitted). *See also United States v. Ligas*, 549 F.3d 497, 501 (7th Cir. 2008)("A district court may reconsider a prior decision when there has been a significant change in the law or facts since the parties presented the issue to the court, when the court misunderstands a party's arguments, or when the court overreaches by deciding an issue not properly before it."). In *Frietsch v. Refco, Inc.*, 56 F.3d 825 (7th Cir. 1995), the Court of Appeals did not question the availability of a motion to reconsider but stated:

> It is not the purpose of allowing motions for reconsideration to enable a party to complete presenting his case after the court has ruled against him. Were such a procedure to be countenanced, some lawsuits really might never end, rather than just seeming endless.

56 F.3d at 828

*See also Oto v. Metropolitan Life Insurance Company,* 224 F.3d 601, 606 (7th Cir. 2000)("A party may not use a motion for reconsideration to introduce new evidence that could have been presented earlier."); *Divane v. Krull Electric Company*, 194 F.3d 845, 850 (7th Cir. 1999); *LB Credit Corporation v. Resolution Trust Corporation*, 49 F.3d 1263, 1267 (7th Cir. 1995). Ultimately, a motion for reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conser-

5

vation of scarce judicial resources." *Global View Ltd. Venture Capital v. Great Central Basin Exploration*, 288 F.Supp.2d 482, 483 (S.D.N.Y. 2003)(internal quotation omitted).

The EEOC argues that the court overlooked that the only cause of action raised is that of sexual harassment and that the EEOC has made no claim for a discriminatory discharge.  Because this was the only allegation, the EEOC claims that it does not intend to seek back pay and maintains that the after acquired evidence defense and mitigation of damages are irrelevant.  The court agrees that claims for sexual harassment usually do not have the same type of economic effect as other types of discrimination arising under Title VII, with the exception of sexual harassment resulting in constructive discharge.  See *Hertzberg v. SRAM Corp.*, 261 F.3d 651, 660 (7th Cir. 2001).  Back pay and front pay would not make the plaintiff whole unless she has pursued a claim for constructive discharge.  Therefore, back pay is not an appropriate remedy unless the plaintiff pursues a claim for constructive discharge.  *Hertzberg*, 261 F.3d at 660.

Similarly, the after-acquired evidence defense forecloses an employee's right to front pay or reinstatement and curtails an employee's right to back pay from the date a legally terminable act was discovered.  *McKennon v. Nashville Banner Publishing Co.*, 513 U.S. 352, 362, 115 S.Ct. 879, 886, 130 L.Ed.2d 852 (1995). The after-acquired evidence defense does not prohibit compensatory damages for emotional distress and has no applicability if the plaintiff is not seeking back pay, front pay, or reinstate-

ment.  *See generally* **McKennon**, 513 U.S. at 362, 115 S.Ct. at 886 (explaining that after-acquired evidence defense limits the employer's liability for back pay after the time legitimate legally terminable conduct is discovered and does not bar all recovery).  The mitigation defense also operates to limit the damages an employer is liable for.  **Hanna v. American Motors Corp**, 724 F.2d 1300, 1307 (7th Cir. 1984).  If a former employee does not seek new employment or take action to limit the economic impact of losing her position, the employer is not liable for the full amount of damages.  Again, the mitigation defense would not limit compensatory damages arising from emotional distress.

If the EEOC's complaint was limited to emotional distress arising from sexual harassment, then back pay, the after-acquired evidence defense, and mitigation would be irrelevant.  Marquez would not be entitled to back pay, and the defenses of after-acquired evidence and failure to mitigate damages would be moot.  However, after alleging that Marquez was subjected to sexual harassment, the EEOC stated that Marquez was deprived of equal employment opportunities and that her status as an employee was affected adversely because of her sex.  The EEOC then requested monetary damages for past pecuniary losses arising from the unlawful employment practices.

As the court explained in the August 1, 2012 Opinion and Order, the complaint, on its face, appears to seek back pay for the change in employment status.  The EEOC counters that it is limited to seeking damages arising from the emotional distress

Marquez suffered because of its representations in its motions to the court and answers to discovery. However, the court generally looks to the pleadings to determine relevancy for purposes of discovery, and this is precisely what the court did in its August 1, 2012 Opinion and Order. *See* **Sanyo Laser Products, Inc. v. Arista Records, Inc.,** 214 F.R.D. 496, 502 (S.D. Ind. 2003) (explaining that the pleadings are important to determine the scope of discovery). The EEOC has not demonstrated that the court erred in looking to the pleadings or that there has been a change in the law or fact warranting a different outcome. Rather, the EEOC reiterates its argument from its initial motion and has not pointed to a sufficient reason to warrant reconsider-ation. For these reasons, the EEOC's Motion to Reconsider Order [DE 48] is **DENIED.**

Turning now to the EEOC's motion to compel, a party may "obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things." Federal Rule of Civil Procedure 26(b)(1). For discovery purposes, relevancy is construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." **Chavez v. Daimler-Chrysler Corp.,** 206 F.R.D. 615, 619 (S.D. Ind. 2002)(*quoting* **Oppenheimer Fund, Inc. v. Sanders,** 437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57 L.Ed.2d 253 (1978)). Even when information is not

directly related to the claims or defenses identified in the pleadings, the information still may be relevant to the broader subject matter at hand and meet the rule's good cause standard. ***Borom v. Town of Merrillville***, 2009 WL 1617085, *1 (N.D. Ind. June 8, 2009) (*citing* ***Sanyo Laser Prods., Inc. v. Arista Records, Inc.***, 214 F.R.D. 496, 502 (S.D. Ind. 2003)). *See also* ***Adams v. Target,*** 2001 WL 987853, *1 (S.D. Ind. July 30, 2001)("For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."); ***Shapo v. Engle,*** 2001 WL 629303, *2 (N.D. Ill. May 25, 2001)("Discovery is a search for the truth.").

A party may seek an order to compel discovery when an opposing party fails to respond to discovery requests or has provided evasive or incomplete responses. Federal Rule of Civil Procedure 37(a)(2)(3). The burden "rests upon the objecting party to show why a particular discovery request is improper." ***Gregg v. Local 305 IBEW***, 2009 WL 1325103, *8 (N.D. Ind. May 13, 2009)(*citing* ***Kodish v. Oakbrook Terrace Fire Protection Dist.***, 235 F.R.D. 447, 449-50 (N.D. Ill. 2006)); ***McGrath v. Everest Nat. Ins. Co.***, 2009 WL 1325405, *3 (N.D. Ind. May 13, 2009)(internal citations omitted); ***Carlson Restaurants Worldwide, Inc. v. Hammond Professional Cleaning Services***, 2009 WL 692224, *5 (N.D. Ind. March 12, 2009)(internal citations omitted); ***Cunningham v. Smithkline Beecham***, 255 F.R.D. 474, 478 (N.D. Ind. 2009)(*citing* ***Graham v. Casey's General Stores***, 206 F.R.D. 253, 254 (S.D. Ind. 2002)). That burden cannot be met by "a reflexive invocation of

the same baseless, often abused litany that the requested discovery is vague, ambiguous, overly broad, unduly burdensome or that it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence." *Cunningham*, 255 F.R.D. at 478 (*citing* *Burkybile v. Mitsubishi Motors Corp.*, 2006 WL 2325506, *6 (N.D. Ill. Aug. 2, 2006))(internal quotations and citations omitted). Rather, the court, under its broad discretion, considers "the totality of the circumstances, weighing the value of material sought against the burden of providing it, and taking into account society's interest in furthering the truth-seeking function in the particular case before the court." *Berning v. UAW Local 2209*, 242 F.R.D. 510, 512 (N.D. Ind. 2007)(examining *Patterson v. Avery Dennison Corp.,* 281 F.3d 676, 681 (7th Cir. 2002))(internal quotations and citations omitted). *See also* *Hunt v. DaVita, Inc.*, 680 F.3d 775, 780 (7th Cir. 2012)(explaining that the district court has broad discretion in supervising discovery).

The EEOC has requested the personnel or human resource documents that show any employee's name, address, phone number, supervisor, social security number, and date of birth, who worked in the same facility as Fortenberry from January 1, 2005, until Fortenberry left his employment. Fair Oaks has objected to the discovery request as irrelevant, overly burdensome, and duplicative. Fair Oaks provided the EEOC with a list of employees with relevant knowledge in its initial disclosures and the contact information for those employees. Fair Oaks contends that the

10

EEOC's request for all its employees' information is a fishing expedition because the only employees with relevant information have been identified. Moreover, Fair Oaks complains that it does not maintain the information in a readily producible format and that producing the information would be burdensome.

Relevancy is to be construed broadly and is intended to encompass all information that may lead to admissible evidence. *Chavez,* 206 F.R.D. at 619. Past discrimination may be relevant to show motive and intent as to a past practice. Although Fair Oaks contends that it has identified all the employees past and present who have information relevant to Marquez's claim, it is possible that other employees suffered harassment at the hands of Fortenberry. Fair Oaks may not be aware of every encounter its employees, past and present, had with Fortenberry. Discovery of the contact information of employees who worked with Fortenberry may yield information concerning other acts of harassment or may show motive and intent as to past practices of Fortenberry and Fair Oaks. Moreover, the request is limited to the relevant time and supervisor and is not overly broad. Fair Oaks has not demonstrated that the discovery request is so unlikely to yield relevant information that it is outside the scope of discovery.

Fair Oaks also has complained that the information is not stored in a readily producible format and that it would take significant time to gather the information. However, Fair Oaks has provided no insight on the burden it would face gathering the information. Fair Oaks has not pointed to a significant number

of records it would have to comb through, nor has it explained why the manner in which it has maintained its records would make it difficult to locate the requested information.  Fair Oaks has done nothing more than make a boilerplate allegation that the information would be difficult to gather.  Because of this, Fair Oaks has failed to satisfy its burden to show that the information sought would be overly burdensome to produce.

_____

Based on the foregoing, the Motion to Reconsider Order [DE 48] filed by the plaintiff, the Equal Employment Opportunity Commission, on August 10, 2012, is **DENIED,** and the Motion to Compel Fair Oaks Dairy Products' Complete Response to Written Discovery [DE 54] filed by the EEOC on August 20, 2012, is **GRANTED.**

ENTERED this 29th day of October, 2012

                                    s/ ANDREW P. RODOVICH
                                    United States Magistrate Judge